IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | **COMPLAINT** |
| HARMONY HOSPITALITY LLC, ) ) | **JURY TRIAL DEMAND** |
| Defendant. ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 against Defendant Harmony Hospitality LLC ("Defendant"). This action is brought to correct unlawful employment practices because of sex and to provide appropriate relief to Charging Party D.A. ("Charging Party" or "D.A."). As alleged with greater particularity in below, the United States Equal Employment Opportunity Commission alleges that Defendant violated Title VII of the Civil Rights Act of 1964 by terminating D.A. because of his sex, sexual orientation, gender identity, and failure to adhere to male gender stereotypes.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Alabama.

1

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant operates a Home2 Suites by Hilton Hotel in Dothan, Alabama.

5. At all relevant times, Defendant has continuously been doing business in the State of Alabama and the City of Dothan and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in industry affecting commerce within the meaning of Sections 701(d) and (e) of Title VII, 42 U.S.C. §§ 2000e(d) and (e).

7. At all relevant times, Defendant has been a covered entity under Section 701(b) of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days (30) prior to the institution of this lawsuit, D.A. filed a charge with the Commission alleging violations of Title VII by Defendant.

9. On February 27, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. On March 12, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.   All conditions precedent to the institution of this lawsuit have been fulfilled.

## SEX DISCRIMINATION IN VIOLATION OF TITLE VII

12.   On or around February 9, 2022, Defendant engaged in unlawful employment practices in Dothan, Alabama, in violation of Section 703 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1).

13.   D.A. was assigned the sex of male at birth.

14.   D.A. identifies as a non-binary male.

15.   D.A. is gay.

16.   D.A.'s personal appearance does not always conform to male gender stereotypes.

17.   D.A. was employed by Defendant from on or around December 15, 2021, until his termination on or around February 9, 2022.

18.   D.A. worked for Defendant as a night auditor.

19.   From the start of his employment with Defendant to on or around February 9, 2022, D.A. styled himself in conformity with male gender stereotypes while on Defendant's premises.

20.   On or around February 9, 2022, D.A. reported to Defendant's premises for a scheduled meeting outside of his working hours with one of Defendant's assistant general managers.

21.   When D.A. reported for this meeting, he styled himself in capri-cut joggers, pink-painted nails, and box braids.

22.   This was the first time that D.A. reported to Defendant's premises in a style that significantly differed from male gender stereotypes.

23.   D.A. and the assistant general manager had a productive meeting.

24.   However, while they were both on premises, one of Defendant's co-owners, Hitesh Patel (Mr. Patel), observed D.A. in the style that conflicted with male gender stereotypes.

25. This was the first time that Defendant learned that D.A.'s appearance did not always conform to male gender stereotypes.

26. Mr. Patel instructed the assistant general manager to have D.A. change his hairstyle.

27. The assistant general manager refused to do so because she believed doing so could be discriminatory.

28. Specifically, the assistant general manager informed Mr. Patel that doing so could be discriminatory because of D.A.'s gender identity.

29. This was the first time that Defendant learned of D.A.'s gender identity.

30. Mr. Patel then informed the assistant general manager that D.A. needed to be "hidden" working nights because of his appearance.

31. Mr. Patel also asked the assistant general manager to inform Defendant's other co-owner, Nisha Patel (Mrs. Patel), of this scheduling decision.

32. At or around 12:50 p.m., the assistant general manager informed Mrs. Patel of the scheduling instructions from Mr. Patel.

33. In doing so, the assistant general manager informed Mrs. Patel of D.A.'s sexual orientation and gender identity.

34. This was the first time that Mrs. Patel learned that D.A.'s appearance did not always conform to male gender stereotypes.

35. This was the first time that Defendant learned of D.A.'s sexual orientation.

36. Approximately seven hours later, at or around 7:48 p.m., Mrs. Patel texted D.A. informing him that he was terminated.

37. Defendant made the decision to terminate D.A. on account of his sex, sexual orientation, gender identity, and failure to adhere to male gender stereotypes.

4

38. Defendant's stated reason for the termination was false and was a pretext for unlawful discrimination.

39. The effect of the practices complained of above has been to deprive D.A. of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex.

40. The unlawful employment practices complained of above were intentional.

41. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of D.A.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees because of sex.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals regardless of sex and which eradicate the effects of past and present unlawful employment practices.

D. Order Defendant to make D.A. whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.	Order Defendant to make D.A. whole by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses, if any, resulting from the unlawful employment practices described in Paragraphs 12 through 41 above, in amounts to be determined at trial.

F.	Order Defendant to make D.A. whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraphs 12 through 41 above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.	Order Defendant to pay D.A. punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

H.	Order Defendant to provide D.A. appropriate equitable relief in the form of reinstatement or an appropriate award of front pay.

I.	Grant such further relief as the Court deems necessary and proper in the public interest.

J.	Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED: June 13, 2024.

Respectfully submitted,

KARLA GILBRIDE
General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

_____
Marsha Lynn Rucker (PA 90041)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 651-7045
marsha.rucker@eeoc.gov