IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No: 1:24-cv-00357-CWB ) |
| HARMONY HOSPITALITY, LLC, | ) ) |
| Defendant. | ) ) ) |

## ANSWER

COMES NOW the Defendant, Harmony Hospitality, LLC ("Defendant"), and Answers the Complaint in this matter as follows:

### Jurisdiction and Venue

1. Admitted.

2. To the extent this paragraph alleges any unlawful conduct by the Defendant, those allegations are denied.

### Parties

3. Admitted, upon information and belief.

4. Admitted.

5. Admitted.

6. This paragraph contains improper conclusory allegations to which Defendant can neither admit nor deny. Thus, denied.

7. This paragraph contains improper conclusory allegations to which Defendant can neither admit nor deny. Thus, denied.

## Administrative Procedures

8. Admitted, upon information and belief.

9. Defendant admits that it received correspondence purportedly from the Commission on said date containing said subject matter. Defendant denies the substance of the subject matter contained in said correspondence.

10. Defendant admits that it received correspondence purportedly from the Commission on said date containing said subject matter. Defendant denies the sum and substance of subject matter contained in said correspondence.

11. Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph. Thus, denied.

## Sex Discrimination in Violation of Title VII

12. Denied.

13. Admitted, upon information and belief.

14. Defendant is without sufficient knowledge and/or information regarding the allegations contained in this paragraph and can neither admit nor deny said allegations. Thus, denied.

15. Defendant is without sufficient knowledge and/or information regarding the allegations contained in this paragraph and can neither admit nor deny said allegations. Thus, denied.

16. Defendant is without sufficient knowledge and/or information regarding the allegations contained in this paragraph and can neither admit nor deny said allegations. Thus, denied.

17. Defendant admits that Plaintiff began employment with Defendant beginning in December 2021 and ended in February 2022.

18. Admitted.

19. Defendant is without sufficient knowledge and/or information regarding the allegations contained in this paragraph and can neither admit nor deny said allegations. Thus, denied.

20. Denied.

21. Defendant is without sufficient knowledge and/or information regarding the allegations contained in this paragraph and can neither admit nor deny said allegations. Thus, denied.

22. Defendant is without sufficient knowledge and/or information regarding the allegations contained in this paragraph and can neither admit nor deny said allegations. Thus, denied.

23. Defendant is without sufficient knowledge and/or information regarding the allegations contained in this paragraph and can neither admit nor deny said allegations. Thus, denied.

24. Defendant is without sufficient knowledge and/or information regarding the allegations contained in this paragraph and can neither admit nor deny said allegations. Thus, denied.

25. Defendant is without sufficient knowledge and/or information regarding the allegations contained in this paragraph and can neither admit nor deny said allegations. Thus, denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Defendant is without sufficient knowledge and/or information regarding the allegations contained in this paragraph and can neither admit nor deny said allegations. Thus, denied.

33. Defendant is without sufficient knowledge and/or information regarding the allegations contained in this paragraph and can neither admit nor deny said allegations. Thus, denied.

34. Defendant is without sufficient knowledge and/or information regarding the allegations contained in this paragraph and can neither admit nor deny said allegations. Thus, denied.

35. Defendant is without sufficient knowledge and/or information regarding the allegations contained in this paragraph and can neither admit nor deny said allegations. Thus, denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

### Prayer for Relief

Defendant denies any allegations contained in Plaintiff's Prayer for Relief and respectfully requests the Court deny all relief requested in paragraphs A. through J. under the corresponding heading.

**Jury Trial Demanded**

Defendant requests a trial by struck jury on all Counts contained in the Complaint.

**Affirmative Defenses**

1. Plaintiff's age, race, gender, and/or other protected status played no part whatsoever in any action by this defendant.

2. The administrative pre-requisites, jurisdictional or otherwise, to maintain some or all of the claims alleged in the Complaint have not been satisfied.

3. The doctrine of estoppel is pled.

4. The Defendant is not an "employer" under Title VII of the Civil Rights Act of 1964, or the Civil Rights Act of 1991 and therefore the Plaintiff's claims again the Defendant are due to be dismissed.

5. Some or all of the claims are barred by the failure to include all claims and allegations contained in the filing of discrimination with the EEOC.

6. Some or all of the claims alleged in the Complaint and/or the relief sought are foreclosed because the doctrine of unclean hands is applied.

7. Some or all of the claims alleged involve actions required or necessitated by federal law or regulation.

8. Plaintiff was an "at-will" employee who was separated from employment with the Defendant based on reasonable, legitimate factors other than disability and/or retaliation.

9. All of the decisions and/or actions challenged as discriminatory or wrongful in the Complaint were undertaken for legitimate, nondiscriminatory, non-pretextual reasons.

10. Any discriminatory or wrongful acts are hereby denied, but some or all of the decisions and/or actions challenged as discriminatory in the Complaint would have been undertaken even had the Plaintiff not had the protected status alleged.

11. Any discriminatory or retaliatory motive is denied, but the same employment decision would have been made even in the absence of any discriminatory or retaliatory motive.

12. Defendant states any action or omission by any supervisor did not violate any law or legal right of the Plaintiff. Alternatively, Defendant states any action or omission by a supervisor may have violated any law or legal right of the Plaintiff was not within scope of their employment with Defendant.

13. Plaintiff's claims are barred, in whole or part, because the Defendant maintained an effective policy to prevent, and/or promptly correct any harassing or discriminatory behavior and Plaintiff unreasonably failed to avail himself of any

preventative and corrective opportunities provided by the Defendant or to avoid harm otherwise.

14. The Defendant denies there was any causal relationship between any alleged complaint by Plaintiff and any change in the terms of his employment with the Defendant.

15. Any retaliation claim alleged may be barred because a good faith belief that the underlying claims are actionable is lacking.

16. No rights, privileges, or immunities secured by the Constitution of the United States or federal law have been deprived.

17. Some or all of the acts alleged did not constitute adverse employment actions as defined under applicable law.

18. Plaintiff's claims fail, in whole or in part, on the grounds the Plaintiff was not treated less favorably than any similarly situated individuals.

19. Plaintiff is not entitled to some or all of the relief requested in the Complaint because Defendant's actions were not malicious, egregious, in bad faith, or in willful or reckless indifference to any legal rights of Plaintiff.

20. Some or all of the relief requested in the Complaint is limited by statute and/or by the protections of the Constitution of the United States.

21. To avoid waiver, the Defendant has had less than 15 employees during the calendar year of the incident made the basis of the lawsuit and has had less than

15 employees during the calendar year preceding the year in which the incident occurred. Therefore, the Plaintiff's Title VII claims are due to be dismissed.

22. Defendant pleads failure to meet conditions precedent.

23. Defendant denies the plaintiff was constructively discharged.

24. Defendant denies the plaintiff was subjected to a hostile work environment.

25. Defendant pleads credit, set-off, and offset for payments made to the plaintiff, or on behalf of the plaintiff, including but not limited to other employment.

26. Defendant denies that it acted with hostility and/or deliberate indifference to the rights of the plaintiff.

27. To the extent applicable either in the Complaint or through discovery in this matter, Defendant denies that race was a motivating factor.

28. Defendant denies that gender was a motivating factor.

29. Defendant denies that sexual orientation was a motivating factor.

30. Defendant denies any violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

31. Defendant denies that the plaintiff is due injunctive relief.

32. Defendant pleads all applicable damage caps, including but not limited to 42 U.S.C. § 1981a.

33. Defendant denies that it committed any unlawful employment practice.

34. Defendant denies any intent to discriminate.

35. Defendant denies any improper motive.

                Respectfully Submitted,

                /s/ Jeremy S. Hazelton
                Jeremy S. Hazelton
                CHRISTIAN & SMALL, LLP
                505 20th Street North, Suite 1800
                Birmingham, Alabama 35203
                jshazelton@csattorneys.com
                *Attorney for Defendant,*
                *Harmony Hospitality, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 3rd day of September 2024, a copy of the foregoing document has been served via electronic filing on the following:

Marsha Lynn Rucker
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Marsha.rucker@eeoc.gov

                /s/ Jeremy S. Hazelton
                OF COUNSEL

4320504.2