IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:24-cv-357-CWB |
| HARMONY HOSPITALITY, LLC, | ) ) ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

Upon review and consideration of the Joint Report of Rule 26(f) Planning Meeting (Doc. 19), it is hereby **ORDERED** as follows:

**SECTION 1.** This case is tentatively set for jury trial on **February 2, 2026** before United States Magistrate Judge Chad W. Bryan. A pretrial conference is hereby scheduled for **January 12, 2026 at 10:00 a.m.** inside Courtroom 5B of the Frank M. Johnson Jr. United States Courthouse Complex located at One Church Street in Montgomery, Alabama.

**SECTION 2.** Plaintiff shall have until **November 29, 2024** to file motions to add parties and motions to amend the pleadings. Defendant shall have until **December 27, 2024** to do likewise.

**SECTION 3.** Discovery shall be initiated in time to be completed by **July 25, 2025**, except that the deadline may be extended to allow for the deposition of any fact witness whose name is not revealed with sufficient time for the parties to take a deposition by the deadline.

**SECTION 4.** The parties shall by the following dates disclose the identity of every person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence and provide reports of all such retained experts and all such witnesses whose duties as an employee of the party regularly involve the giving of expert testimony:

Plaintiff – no later than **April 25, 2025**; and
Defendant – no later than **May 30, 2025**.

The parties must comply with all requirements of Rule 26(a)(2) regarding disclosure of expert testimony, and a disclosure will be considered in compliance unless an objection is filed within **fourteen days** after the disclosure.

*Daubert* motions shall be filed no later than the dispositive motions deadline, unless the deadline is modified by the court upon motion of a party demonstrating good cause.

**SECTION 5.**  All dispositive motions (*i.e.*, motions to dismiss or motions for summary judgment) shall be filed no later than **August 25, 2025**.  A memorandum brief and (where applicable) supporting evidence shall be filed with such motions.  Discussion of evidence must contain a specific reference, by page and (if available) line, to where the evidence can be found in a supporting deposition or document.  The brief in support of a dispositive motion shall be limited to thirty pages; the response likewise shall be limited to thirty pages; and the reply shall be limited to fifteen pages.  No non-conforming or additional submissions will be accepted unless specifically authorized or directed by the court in advance.

**SECTION 6.**  No later than **March 14, 2025**, counsel for the parties shall confer about mediation, including whether to utilize a private mediator or a United States Magistrate Judge.  Not more than **seven days after the conference**, counsel jointly shall file a status report to either request mediation with a United States Magistrate Judge or inform the court of their selected private mediator and scheduled mediation date.  If any party believes that mediation is not proper, specific justifications must be set out by motion seeking relief from the mediation requirement generally or from the deadline specifically.

**SECTION 7.**  The parties have not alleged that this is a class action.  No motion for class certification may be filed without prior leave of the court.

**SECTION 8.**  No later than **December 15, 2025**, the parties shall pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure exchange the names, addresses, and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, and shall separately identify those whom the party expects to call and those whom the party may call only if the need arises.  The witness lists must include the names of all witnesses required to be disclosed under Section 4.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from calling any witnesses not so identified.  Objections to identified witnesses must be filed no later than **December 22, 2025** and must set out the grounds and legal authority upon which each objection is based.  The offering party must file a written response no later than **January 6, 2026**.

**SECTION 9.**  No later than **December 15, 2025**, each party shall pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure identify all parts of depositions that the party expects to use at trial.  The other party shall by **December 22, 2025** identify all responsive parts of depositions expected to be used, and the offering party shall by **December 29, 2025** designate all parts to be used as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from using any parts of depositions not so listed, with the exception of parts of depositions to be used solely for the purpose of impeachment.  Except to the extent written objections are filed, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to such depositions and that there is no objection to the testimony designated.  Objections to designations must be filed no later than **January 6, 2026**, must state with particularity the portions objected to, and must attach a copy of the portions to which the objections apply.  The offering party must file a written response no later than **January 9, 2026.**

**SECTION 10.**  No later than **December 15, 2025**, each party shall pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure furnish the other party for copying and inspection all exhibits or tangible evidence to be used at trial.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from offering any evidence not so furnished, with the exception of evidence to be used solely for the purpose of impeachment.  Except to the extent written objections are filed, the proffered evidence shall be deemed genuine and admissible.  Objections to the proffered evidence must be filed by **December 22, 2025** and must set out the grounds and legal authority upon which each objection is based.  The offering party must file a written response no later than **January 6, 2026** and must include a pre-marked copy of the evidence at issue.  All exhibits must be pre-marked prior to trial.

**SECTION 11.**  Each party shall file all requested *voir dire* questions, motions *in limine* fully briefed, and proposed jury instructions (together with citations of law) no later than **January 19, 2026** unless that time is shortened by the court on motion of any party.  A party opposing any proposed *voir dire* questions, proposed jury instructions, or motions *in limine* is required to file a response with citations of law no later than **January 23, 2026**.  Counsel must review the jury questionnaire (*see* **https://www.almd.uscourts.gov/jurors/juror-information**) and avoid any duplication of the matters addressed therein.

**SECTION 12.**  If counsel intends to use the courtroom's technological equipment during trial, counsel must schedule an appointment for technology training with the Automation staff, (334) 954-3600, no later than **seven days** prior to trial.  Any counsel who wishes to use his or her own laptop during trial is required to bring all necessary cables to ensure a connection.

**SECTION 13.**  If a party has an objection to any of the deadlines established herein, that party must so inform the court within **fourteen days** from the date of this Order; otherwise, the court will assume that the deadlines are agreeable and will treat the deadlines as binding.  The parties' discovery plan and ESI protocol additionally will be treated as binding.

**SECTION 14.  GENERAL PROVISIONS:**

(A)  All briefs on any matter before the court must be formal in format and filed with the clerk of court.  The court does not accept "letter briefs" or "letter reports."

(B)  A party's failure to file a response to a motion—either dispositive or non-dispositive—within the time allowed by the court shall indicate that there is no opposition to the request(s) contained therein.

(C)  A request or motion for the extension of a deadline: (i) must be in writing; (ii) must indicate that the movant has in a timely manner previously contacted counsel for the other party; and (iii) must state whether counsel for the other party agrees to or opposes the requested extension.  A request or motion that fails to meet this requirement will be denied outright unless the movant offers a credible explanation in the request or motion as to why the requirement has not been met.  Absent stated unforeseen and unavoidable circumstances beyond the control of

the movant, oral extension requests are not allowed and "eleventh hour" requests will be denied outright.

(D)  All proposed Orders shall be submitted to the court as both (1) an Adobe Acrobat PDF attachment to the corresponding motion and (2) a Microsoft Word attachment sent via email to **propord_bryan@almd.uscourts.gov**.

(E)  All parties are expected to comply with each and every provision of this Order in a timely manner, and the deadlines and responsibilities set forth herein may not be changed without leave of court.  The parties also are expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov.

**DONE** this the 16th day of October 2024.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**