IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| DAVID ARDIS, | ) CASE NO. 1:24-cv-00357-CWB ) |
| Prospective Intervenor, Plaintiff, | ) ) ) ) |
| v. | ) ) |
| HARMONY HOSPITALITY, LLC, | ) ) |
| Defendant. | ) |

### DAVID ARDIS' MOTION TO INTERVENE AS NAMED PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 24(a) and this Court's February 20, 2025, Order [Doc. 27], Prospective Intervenor, David Ardis,[1] hereby moves to intervene as the named plaintiff in this matter, and in support thereof states as follows:

1. David Ardis ("Ardis") is the aggrieved party and subject of this cause of action originally brought by the Equal Employment Opportunity Commission ("EEOC") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Doc. 1).

2. Ardis is a nonbinary gay individual and the theory of liability in the Complaint is that he was subjected to sex-based discrimination under Title VII.

3. The EEOC has withdrawn from this litigation based on a determination by its interim leadership that the representation of victims of gender-based identity discrimination

---

[1] David Ardis was referred to as "D.A." in previous filings.

1

conflicts with executive orders issued by President Donald Trump and the U.S. Office of Personnel Management. (Doc. 23). Executive branch decrees, of course, do not supersede the text of Title VII or the unequivocal holdings of the United States Supreme Court in *Bostock v. Clayton County*, 590 U.S. 644 (2020), and *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), and their progeny. *See Bostock*, 590 U.S. at 683 ("An employer who fires an individual merely for being gay or transgender violates the law."); *Price Waterhouse,* 490 U.S. at 250-51 (recognizing that discrimination based on stereotypes regarding sex is prohibited by Title VII).

   4. Ardis may intervene pursuant to Rule 24(a)(1) of the Federal Rules of Civil Procedure which states that "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." *Equal Empl. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1321-22 (11th Cir. 2019) (quoting Fed. R. Civ. P. 24(a)).

   5. The Eleventh Circuit has construed section 42 U.S.C. § 2000e-5(f)(1) to confer an unconditional right to intervene upon the charging party whose claim provides the basis for the EEOC action. *See STME, LLC*, 938 F.3d at 1322 ("The language of § 2000e-5(f)(1) unambiguously gives employees an unconditional right to intervene in EEOC enforcement actions.").

   6. Having filed a discrimination charge with the EEOC, Ardis is an aggrieved party under 42 U.S.C. § 2000e-5(f)(1) and, as such, may intervene in an enforcement action brought by the EEOC in federal court under Title VII based on that charge. *See Gen. Tel. Co. of the N.W., Inc. v. Equal Empl. Opportunity Comm'n*, 446 U.S. 318, 325-26 (1980).

   7. In addition to the unconditional statutory right to intervene, on February 20, 2025, this Court determined that "charging party 'D.A.' possesses a right to intervene." (Doc. 27 at 1).

As such, the Court "**ORDERED** that charging party 'D.A.' shall be afforded a period of **thirty days** from the date hereof to file a motion to intervene as the named plaintiff." *Id.* (emphasis in original).

8. Because Ardis filed this Motion within thirty days of the February 20, 2025 Order, his motion is timely.

WHEREFORE, David Ardis respectfully requests permission to intervene as of right pursuant to Rule 24(a)(1) of the Federal Rules of Civil Procedure and further requests that the Court grant him leave to file a complaint in intervention, and that the caption in this case be corrected to reflect David Ardis individually as Intervenor-Plaintiff.

Respectfully submitted on this 13th day of March, 2025.

**HKM EMPLOYMENT ATTORNEYS LLP**

*/s/ Artur Davis*
Artur Davis
ASB-3672-D56A
2024 3rd Avenue North, Suite 212
Birmingham, AL 35203
(205) 881-0935
adavis@hkm.com

Adam M. Harrison*
Colorado Bar No. 50553
Hayden G. DePorter*
Colorado Bar No. 56473
HKM Employment Attorneys, LLP
518 17th Street, Suite 1100
Denver, Colorado 80202
(720) 255-0370
aharrison@hkm.com
hadeporter@hkm.com

*Pro Hac Vice Forthcoming*

*Counsels for Prospective Intervenor, David Ardis*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2025, I filed the foregoing Motion with the Court via CM/ECF, generating true and accurate copies to all counsel of record as follows:

Christopher Lage
Deputy General Counsel
Marsha Lynn Rucker
Regional Attorney, Birmingham District Office
Equal Employment Opportunity Commission
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
(205) 651-7045
marsha.rucker@eeoc.gov
christopher.lage@eeoc.gov

*Attorneys for Plaintiff, Equal Employment Opportunity Commission*

Jeremy S. Hazelton
Hannah E. Black
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
(205) 795-6588
jshazelton@csattorneys.com
heblack@csattorneys.com

*Attorneys for Defendant Harmony Hospitality, LLC*

                                        */s/ Artur Davis*
                                        Artur Davis