IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID ARDIS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 1:24-cv-00357-CWB |
| ) | |
| ) | **FIRST AMENDED COMPLAINT** |
| HARMONY HOSPITALITY LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") against the Defendant Harmony Hospitality LLC ("Defendant"). This action is brought to correct unlawful employment practices and to provide appropriate relief to the Plaintiff David Ardis ("Plaintiff" or "Mr. Ardis"). As alleged with greater particularity below, Mr. Ardis alleges that the Defendant violated Title VII when it terminated Mr. Ardis because of his sex, sexual orientation, gender identity, and failure to adhere to male gender stereotypes.

JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Mr. Ardis's claims arise under federal law.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Alabama.

1

## PARTIES

3. The Plaintiff David Ardis is an individual who resides in Alabama.

4. The Defendant operates a Home2 Suites by Hilton Hotel in Dothan, Alabama.

5. At all relevant times, the Defendant has continuously been doing business in the State of Alabama and the City of Dothan and has continuously had at least fifteen (15) employees.

6. At all relevant times, the Defendant has continuously been an employer engaged in industry affecting commerce within the meaning of Sections 701(d) and (e) of Title VII, 42 U.S.C.§§ 2000e(d) and (e).

7. At all relevant times, the Defendant has been a covered entity under Section 701(b) of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days (30) prior to the institution of this lawsuit, Mr. Ardis filed a charge with the Equal Employment Opportunity Commission (the "Commission") alleging violations of Title VII by the Defendant.

9. On February 27, 2024, the Commission issued the Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and invited the Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. On March 12, 2024, the Commission issued the Defendant a Notice of Failure of Conciliation advising the Defendant that the Commission was unable to secure from the Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

12. On or around February 9, 2022, Defendant engaged in unlawful employment practices in Dothan, Alabama, in violation of Title VII.

13. Mr. Ardis identifies as a non-binary gay man.

14. Mr. Ardis' personal appearance does not always conform to male gender stereotypes.

15. Mr. Ardis was employed by the Defendant from on or around December 15, 2021, until his termination on or around February 9, 2022.

16. Mr. Ardis worked for the Defendant as a front desk associate and night auditor.

17. From the start of his employment with the Defendant to on or around February 9, 2022, Mr. Ardis' physical presentation reflected male gender stereotypes while on the Defendant's premises.

18. On or around February 9, 2022, Mr. Ardis reported to the Defendant's premises for a scheduled meeting outside of his working hours with one of the Defendant's assistant general managers.

19. When Mr. Ardis reported for this meeting, he dressed in capri-cut joggers, pink-painted nails, and box braids.

20. February 9, 2022 marked the first time Mr. Ardis reported to the Defendant's premises dressed in a manner and style that significantly differed from male gender stereotypes.

21. The meeting between Mr. Ardis and the assistant general manager was routine and Mr. Ardis was not admonished for his appearance.

22. However, one of the Defendant's co-owners, Hitesh Patel ("Mr. Patel"), was on the

premises and observed Mr. Ardis' appearance.

23. This was the first time that Defendant learned that Mr. Ardis' appearance did not always conform to male gender stereotypes.

24. Mr. Patel directed the assistant general manager to have Mr. Ardis change his hairstyle.

25. The assistant general manager refused Mr. Patel's instructions.

26. The assistant general manager informed Mr. Patel that directions to Mr. Ardis to change an aspect of his appearance when Mr. Ardis' hairstyle did not violate company policy could be construed as an act of discrimination based on Mr. Ardis' gender identity.

27. This was the first time that Defendant learned of Mr. Ardis' gender identity.

28. Mr. Patel then advised the assistant general manager that Mr. Ardis needed to be "hidden" by working "on nights only" because of his appearance.

29. Mr. Patel also asked the assistant general manager to inform the Defendant's other co- owner, Nisha Patel ("Mrs. Patel"), of this scheduling decision.

30. At or around 12:50 p.m. on February 9, 2022, the assistant general manager informed Mrs. Patel of the scheduling instructions from Mr. Patel.

31. In doing so, the assistant general manager described Mr. Ardis' sexual orientation (gay) and his gender identity (non-binary).

32. This was the first time that Mrs. Patel learned that Mr. Ardis' gender identity was non-binary.

33. Approximately seven hours later, at or around 7:48 p.m. on February 9, 2022, Mrs. Patel texted Mr. Ardis and informed him that he was terminated.

34. The Defendant's termination of Mr. Ardis in such close temporal proximity to the ownership learning that he was gay and non-binary implies that the firing decision and the knowledge of Mr. Ardis' protected characteristics are connected. Defendant made the decision to terminate Mr. Ardis on account of his sex, sexual orientation, gender identity, and failure to adhere to male gender stereotypes. At minimum, these protected characteristics were a motivating factor in his termination.

35. The effect of the practices complained of above has been to deprive Mr. Ardis of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex and gender identity.

36. The unlawful employment practices complained of above were intentional.

37. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally-protected rights of Mr. Ardis.

## CAUSES OF ACTION

## COUNT I

**(discrimination based on gender and gender identity, in violation, of Title VII of the Civil Rights Act of 1964)**

37. Plaintiff re-alleges the allegations of the previous paragraphs as if fully stated herein.

38. Plaintiff's sexual orientation and his status as a non-binary male were at least motivating factors in his termination from employment by Defendant.

39. Defendant's unlawful discrimination deprived Plaintiff of income and caused him to suffer compensatory damages, including emotional distress, embarrassment, and humiliation.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiff David Ardis respectfully requests that this Court enter judgment in his favor and against the Defendant for the following relief:

A. Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees because of sex;

B. Order the Defendant to make Mr. Ardis whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

C. Order the Defendant to make Mr. Ardis whole by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses, if any, resulting from the unlawful employment practices described in Paragraphs 12 through 41 above, in amounts to be determined at trial;

D. Order the Defendant to make Mr. Ardis whole by providing compensation for past and future non pecuniary losses resulting from the unlawful employment practices described in Paragraphs 12 through 41 above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order the Defendant to pay Mr. Ardis punitive damages for its malicious and reckless conduct in amounts to be determined at trial;

F. Order the Defendant to provide Mr. Ardis appropriate equitable relief in the form of reinstatement or an appropriate award of front pay;

G. Award Mr. Ardis' attorney's fees and costs incurred; and

H.    Grant such further relief as the Court deems equitable, appropriate, and just.

Respectfully submitted on this 4th day of April, 2025,

                **HKM EMPLOYMENT ATTORNEYS LLP**

                */s/ Artur Davis*
                Artur Davis
                ASB-3672-D56A
                2024 3rd Avenue North, Suite 212
                Birmingham, AL 35203
                (205) 881-0935
                adavis@hkm.com

                Adam M. Harrison
                Colorado Bar No. 50553
                Hayden G. DePorter
                Colorado Bar No. 56473
                HKM Employment Attorneys, LLP
                518 17th Street, Suite 1100
                Denver, Colorado 80202
                (720) 255-0370
                aharrison@hkm.com
                hdeporter@hkm.com

                *Counsel for David Ardis*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2025, I filed the foregoing First Amended Complaint with the Court via CM/ECF, generating true and accurate copies to all counsel of record as follows:

Jeremy S. Hazelton
Hannah E. Black
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
(205) 795-6588
jshazelton@csattorneys.com
heblack@csattorneys.com

*Attorneys for Defendant Harmony Hospitality LLC*


                                                            */s/ Artur Davis*