**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DAVID ARDIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:24-cv-357-CWB** |
| | ) | |
| **HARMONY HOSPITALITY, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Before the court is a Stipulation for Dismissal (Doc. 61) filed by counsel for David Ardis and counsel for Harmony Hospitality, LLC.  The court observes, however, that the filing is not "signed by all parties who have appeared" so as to effectuate a dismissal without court action under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure; [1]  nor does Rule 41(a)(1)(A)(i) apply in this instance.  Accordingly, the court must proceed pursuant to Rule 41(a)(2) and, to that end, will construe the filing as a motion for an order of dismissal.  Upon consideration, it is hereby **ORDERED** that the construed motion is **GRANTED** such that this action is dismissed on the terms agreed to and set out by the parties.  For good cause shown, any party may move to reopen within thirty days from the date hereof.

**DONE** this the 14th day of July 2025.

_____
**CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE**

---

[1] *See City of Jacksonville v. Jacksonville Hospitality Holdings, L.P.*, 82 F. 4th 1031, 1038 (11th Cir. 2023) ("[A] Rule 41(a)(1)(A)(ii) stipulation also requires the signature of a party that appeared but has already been removed from an action.") (citation omitted).